382 A.2d 1195

COMMONWEALTH of Pennsylvania

v.

John MAYS, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 14, 1976.

Decided Jan. 26, 1978.

Stephen H. Serota, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James J. Wilson, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, John Mays, was tried before a judge and jury and convicted of murder of the first degree. Post-verdict motions were denied and sentence of imprisonment for life was imposed. This appeal followed.

Appellant raises seven issues in this appeal in support of his contention that judgment of sentence should be reversed and a new trial granted. These issues are: (1) that a toxicology report was improperly admitted into evidence and

relied upon by a prosecution witness; (2) that the victim's wife and a police officer were improperly permitted to give testimony concerning out-of-court identifications of the appellant; (3) that certain statements of the victim were improperly admitted as dying declarations; (4) that a police officer, testifying for the prosecution, was improperly permitted to refresh his recollection as to the name of one of the witnesses to the crime; (5) that the trial court erred in permitting the trial to proceed after appellant voluntarily failed to appear on the third day of trial; (6) that the trial court erred in permitting a police officer to give allegedly hearsay testimony concerning efforts to locate the appellant; and (7) that the trial court improperly charged the jury concerning the inferences that could be drawn from appellant's absence at trial. The last allegation of error has not been properly preserved for appellate review.

We have reviewed the other allegations of error and conclude that they do not warrant the grant of a new trial. We have also reviewed the sufficiency of the evidence to sustain the jury's finding of guilty of murder of the first degree and find it to be adequate to show guilt of that crime beyond a reasonable doubt.

Judgment of sentence affirmed.

JONES, former C. J., did not participate in the decision of this case.